## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION
## CASE NO.:

**NADINE FRASER,**
**an Individual**

> **Plaintiff,**

**v.**

**COBBLESTONE PROPERTY MANAGEMENT LLC,**
**a Foreign Limited Liability Company,**

> **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED

Plaintiff, **NADINE FRASER** ("Plaintiff"), files this Complaint against Defendant, **COBBLESTONE PROPERTY MANAGEMENT LLC** ("Defendant"), and states as follows:

## INTRODUCTION

1.      Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq.*

3.     This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her ADA claims.

4.     At all times relevant hereto, Plaintiff was an employee of Defendant.

5.     Plaintiff worked for Defendant in Collier County, Florida, and this venue is therefore proper.

6.     Defendant is a Foreign Limited Liability Company that is located and does business in Collier County, Florida, and is therefore within the jurisdiction of the Court.

7.     At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant.

8.     At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

9.      Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

10.     On or around February 11, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11.     On or around March 10, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her federal claims within 90 days of her receipt of the same.

12.     On or around March 26, 2026, the FCHR issued a Notice of State Rights to Sue against Defendant, giving Plaintiff the right to bring a civil action on her state claims within one year of her receipt of the same.

13.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

14.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15.     Plaintiff worked for Defendant as a Resort Manager at Defendant's Northtide Naples community from April 15, 2024, until her termination on January 16, 2025.

16.     During her tenure Plaintiff was an excellent employee, and had no significant history of non-medical attendance, disciplinary, or performance issues.

17.     Shortly after Plaintiff commenced employment with Defendant, she notified Corporate Project Manager, Renay Wright ("Ms. Wright") that she suffers from autoimmune disabilities diabetes, lupus, and rheumatoid arthritis.

18.     In November of 2024, Ms. Fraser was scheduled to undergo surgery at a cancer center to treat and address a strange and worrisome growth that formed.

19.     Ms. Fraser disclosed her disability and need for treatment to Ms. Wright and Regional Director Kevin Trout ("Mr. Trout").

20.     Ms. Fraser underwent surgery on November 19, 2024, and returned to work on November 22, 2024.

21.     In mid-January of 2025, Ms. Fraser suffered a flareup of another disability, specifically kidney stones.

22.     Ms. Fraser disclosed the flareup of her disability to Defendant, and requested the reasonable accommodation of a brief period of leave in order to seek treatment for her disability.

23.     In order to treat and address her disability, Ms. Fraser was hospitalized.

4

24. On January 16, 2025, Defendant's Regional Manager informed Ms. Fraser that Defendant had decided to terminate Ms. Fraser's employment, effective immediately.

25. Defendant offered no cogent explanation for taking this adverse employment action against Ms. Fraser.

26. It is clear that Ms. Fraser was terminated by Defendant for suffering a disability, and in retaliation for requesting accommodation for same.

27. Any other reason theorized by Defendant is mere pretext.

28. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job.

29. Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA/FCRA.

30. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

31. The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

5

32. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

33. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

34. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.

35. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

36. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

37. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

38. Defendant did not have a good faith basis for its actions.

39. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

40. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

41. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

42. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO ACCOMMODATE

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 7, 9 through 11, 13 through 30, 32 through 36, and 38 through 42, above.

44. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

45. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

46. Defendant failed to supply reasonable accommodations and failed to engage in the interactive process as required by the ADA.

47. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

48. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

49.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

50.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE

51.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 9 through 10, 12 through 30, 32 through 36, and 38 through 42, above.

52.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

53.     The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

8

54.     Defendant failed to supply reasonable accommodations and failed to engage in the interactive process as required by the ADA.

55.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

57.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

58.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 8 through 11, 13 through 27, 31, and 33 through 42, above.

60. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

61. Plaintiff's request for reasonable accommodation constituted protected activity under the ADA.

62. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

63. Plaintiff's protected activity, and her termination, are causally related.

64. Defendant's stated reasons for Plaintiff's termination are a pretext.

65. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

67.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

68.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY

69.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 8 through 10, 12 through 27, 31, and 33 through 42, above.

70.    Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

71.    Plaintiff's request for reasonable accommodation constituted protected activity under the FCRA.

72.    Plaintiff was terminated as a direct result of her request for reasonable accommodation.

73.    Plaintiff's protected activity, and her termination, are causally related.

11

74.    Defendant's stated reasons for Plaintiff's termination are a pretext.

75.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

77.    Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

78.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

12

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 22nd day of May, 2026.

Respectfully Submitted,

*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*